















ACR   10/17/03   10:55

3:03-CV-02027   BYRNE V. AVAYA INC

*1*

*NTCREM.*

1  Wendy A. Woldt   Bar No. 102041
   WOLDT & ASSOCIATES
2  *A Professional Law Corporation*
   2377 Crenshaw Boulevard, Suite 260
3  Torrance, California 90501-3345
   Telephone: (310) 783-1800
4  Facsimile: (310) 783-1803

FILED

03 OCT 10 PM 3:54

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY
BY:

5  Attorneys for Defendant Avaya Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10                                        '03 CV 2027  IEG /LSP

11 CINDY BYRNE, an individual,          )  CASE NO.:
                                        )
12        Plaintiff,                     )  [San Diego Superior Court, Case No.
                                        )  GIC 816818]
13 vs.                                   )
                                        )  DEFENDANT AVAYA INC.'S
14                                       )  NOTICE OF REMOVAL OF
                                        )  STATE COURT ACTION TO THE
15 AVAYA, INC., a Delaware Corporation,  )  UNITED STATED DISTRICT
   and Does 1 through 50, Inclusive,     )  COURT FOR THE SOUTHERN
16                                       )  DISTRICT OF CALIFORNIA,
          Defendants.                    )  INCLUDING:
17                                       )
                                        )  1.     COPIES OF ALL PROCESS,
18                                       )         PLEADINGS, NOTICES AND
                                        )         ORDERS SERVED UPON
19                                       )         AVAYA OR OTHERWISE
                                        )         FILED IN THIS ACTION
20                                       )
                                        )  [ 28 U.S.C. §§ 1332 and 1441(b) –  Diversity
21 _____ )  Jurisdiction]

22 **TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT**

23 **COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO ALL**

24 **PARTIES AND THEIR ATTORNEYS OF RECORD:**

25        **PLEASE TAKE NOTICE** that defendant Avaya Inc. ("Avaya") hereby

26 removes the above-entitled state court action from the Superior Court of the State of

27 California for the County of San Diego ("Superior Court") to the United States

28 ///

                                        1

                    Defendant Avaya Inc.'s Notice of Removal to United States District Court, Souther

1   District Court for the Southern District of California ("District Court") pursuant to 28

2   U.S.C. Sections 1332 and 1441(b).

3   ## REMOVAL JURISDICTION

4   1.    This action is a civil action over which the District Court has original

5   jurisdiction pursuant to 28 U.S.C. Section 1332 and is an action which may be

6   removed to the District Court pursuant to 28 U.S.C. Section 1441(b) because plaintiff

7   Cindy Byrne ("plaintiff") and Avaya are citizens of different states and the amount in

8   controversy is alleged to exceed seventy-five thousand dollars ($75,000), exclusive of

9   interests and costs, according to paragraphs 10, 17, 19 and 20 of plaintiff's Complaint

10  for Damages.

11  ### Timeliness of Removal

12  2.    On August 27, 2003, plaintiff filed a civil action in the Superior Court of

13  the State of California for the County of San Diego, entitled, "<u>Cindy Byrne, Plaintiff</u>

14  <u>v. Avaya, Inc., Defendant</u>," Case No. GIC 816818 ("Civil Action").  The original

15  complaint filed in this civil action alleges the following three causes of action: 1)

16  Breach of Written Contract, 2) Violation of Labor Code Section 200, *et seq.*, and 3)

17  Wrongful Termination in Violation of Public Policy.

18  3.    On September 15, 2003, plaintiff served Avaya with the summons and

19  complaint in the Civil Action. ( *See* Exhibit A, attached hereto).  This was Avaya's

20  first receipt, by service or otherwise, of the summons or complaint in this Civil

21  Action.  This Notice of Removal is being filed with the District Court on October 10,

22  2003. (*See* Exhibit B, attached hereto), concurrently with Avaya's Answer to

23  plaintiff's Complaint (*See* Exhibit C, attached hereto).  Thus, this Notice of Removal

24  is timely, pursuant to 28 U.S.C. Section 1446(b) and Federal Rule of Civil Procedure,

25  Rule 6(a) because it has been filed within thirty (30) days of Avaya being served with

26  the summons and complaint.

27  ///

28  ///

2

## Diversity Jurisdiction

4.    This Civil Action is an action over which the District Court has original jurisdiction pursuant to 28 U.S.C. Section 1332 and is an action which may be removed to this District Court pursuant to 28 U.S.C. Section 1441(b) because plaintiff and Avaya, the only parties named in this Civil Action, are citizens of different states and the amount in controversy is alleged to exceed seventy-five thousand dollars ($75,000), exclusive of interest and costs,  according to paragraphs 10, 17, 19 and 20 of plaintiff's Complaint for Damages.

5.    Plaintiff alleges in her complaint that she is a resident of the State of California. (Complaint, ¶ 1.)  Avaya is informed and believes and thereon avers that at all times since the commencement of this Civil Action, plaintiff has been a citizen of the State of California and resident of the County of Riverside.

6.    Avaya is a corporation organized and existing under and by virtue of the laws of the State of Delaware.  At all times since the commencement of this Civil Action, Avaya's principal place of business is and has been located in the State of New Jersey.  Pursuant to 28 U.S.C. 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business..."

7.    Complete diversity of citizenship exists in this Civil Action, and, thus, this Civil Action may be removed to this District Court pursuant to 28 U.S.C. Section 1441(b).

8.    A copy of this Notice of Removal is being served on plaintiff's counsel and is being filed concurrently with the Clerk of the San Diego Superior Court where the Civil Action is now pending.

9.    True and correct copies of all process, pleadings, notices and orders served upon Avaya or otherwise filed in the Civil Action, including the summons and complaint, as well as Avaya's Answer, are filed with the District Court concurrently

///

3

1  herewith, as Exhibits "A" and "B", respectively, and are incorporated herein by this

2  reference as though fully set forth at length.

3  DATED: October 10, 2003                    Wendy A. Woldt
                                              WOLDT & ASSOCIATES
4                                             *A Professional Law Corporation*

5

6

7  By _____
                                              Wendy A. Woldt
8                                             Attorneys for Defendant
                                              Avaya Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

002

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
AVAYA INC., a Delaware corporation;
and DOES 1 through 50, inclusive,

| FOR COURT USE ONLY |
| --- |
| (SOLO PARA USO DE LA CORTE) |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*
Cindy Byrne, an individual

| | |
| --- | --- |
| You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court.<br><br>A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.<br><br>If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.<br><br>There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | *Despues de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.*<br><br>*Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.*<br><br>*Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte.*<br><br>*Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).* |

The name and address of the court is: *(El nombre y dirección de la corte es)*
San Diego Superior Court
330 West Broadway
San Diego, CA 92101
Central

CASE NUMBER *(Número del Caso)*

**GIC 816818**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
David P. Strauss                          (619) 237-5300  (619) 237-5311
SBN 96874
Strauss & Asher
555 West Beech Street, Suite 302
San Diego, CA 92101

| DATE:  AUG 2 7 2003 | RUSSELL TAYLOR | |
| --- | --- | --- |
| *(Fecha)* | Clerk, by _____ | , Deputy |
| | *(Actuario)* | *(Delegado)* |

| (SEAL) | **NOTICE TO THE PERSON SERVED:** You are served |
| --- | --- |
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☒ on behalf of *(specify):* AVAYA INC., a Delaware Corporation |
| | under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)<br>☐ other:<br>4. ☐ by personal delivery on *(date):* |

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]
Mandatory Form

(See reverse for Proof of Service)
**SUMMONS**

Legal Solutions Plus

CCP 412.20

1   **STRAUSS & ASHER**
    **DAVID P. STRAUSS**
2   State Bar Number 96874
    **MARK A. BENNETT**
3   State Bar Number 175974
    555 W. Beech Street, Suite 302
4   San Diego, CA  92101
    (619) 237-5300 (Telephone)
5   (619) 237-5311 (Facsimile)

6   Attorneys for Plaintiff
    CINDY BYRNE
7

03 AUG 27  PM 1: 52

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

8                    SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SAN DIEGO

10  CINDY BYRNE, an individual,          )   CASE NO.  GIC  816818
                                         )
11                 Plaintiff,            )   Complaint for Damages:
                                         )
12          v.                           )   1.  Breach of Contract
                                         )
13  AVAYA INC., a Delaware corporation;  )   2.  Violation of Labor Code Section 200, et
    and DOES 1 through 50, inclusive,    )       seq.
14                                       )
                   Defendants.           )   3.  Wrongful Termination in Violation of
15                                       )       Public Policy (*Tameny* Claim).
                                         )
16  _____ )

17          Plaintiff Alleges,

18          **ALLEGATIONS REGARDING JURISDICTION AND VENUE**

19          1.   At all relevant times mentioned herein Plaintiff CINDY BYRNE ("Plaintiff" or

20  "Byrne") was a resident of Riverside County, in the State of California.

21          2.   Plaintiff is informed and believes and thereon alleges that at all relevant times

22  mentioned herein, defendant AVAYA INC. ("Avaya") is a Delaware corporation authorized to

23  do business in the state of California, with its principal place of business in Basking Ridge, New

24  Jersey.

25          3.   Byrne is unaware of the true names and capacities of DOES 1 through 50, and she

26  will seek leave to amend her complaint to insert said true names and capacities when they are

27  ascertained.  Byrne is informed and believes and thereon alleges that each of such fictitiously

28  named defendant is liable to Byrne for the acts, events and occurrences alleged herein as a result

                          COMPLAINT FOR DAMAGES

1  of said defendant's relationship to defendants, or by participation in said acts, events and

2  occurrences.

3    4.    Byrne is informed and believes and thereon alleges that except when otherwise

4  alleged, each of the defendants herein mentioned was the agent, employee or representative of

5  the remaining defendants and was acting within the course, scope and authority of said

6  relationship.

7    5.    This Court is the proper venue for this action as the acts and omissions that form

8  the basis of Plaintiff's complaint occurred in San Diego County.

9    <u>FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

10    6.    Byrne realleges, and incorporates herein by reference, all preceding paragraphs.

11    7.    Avaya has been in operation for over a century in various forms as a subsidiary of

12  Lucent Technologies, AT&T, and Western Electric. Avaya's existence as an independent

13  company began on October 2, 2000, when it was "spun off" from Lucent. Currently, Avaya is a

14  world leader in secure and reliable Internet Protocol (IP) telephony systems, communications

15  software applications and services, and it designs, builds and manages communications networks

16  for more than one million businesses around the world, including 90 percent of the Fortune 500®.

17    8.    Byrne began working as a commissioned Systems Consultant for Avaya's

18  predecessor entity in 1987. In 1992, Byrne became a Commissioned Sales Executive.

19  Throughout her employment with Avaya, Byrne's job performance was exemplary.

20    9.    For the 2002 fiscal year, which began on October 1, 2001, Byrne's job title was

21  Client Executive ("CE") for Riverside and San Bernardino Counties. At the beginning of

22  Avaya's 2002 fiscal year, Client Executives ("CEs") received an overview of the 2002 Sales

23  Compensation Plan. Under this plan, each CE was assigned a sales quota for his or her territory.

24  Sales were credited against the quota ("quota retirement," in Avaya's corporate jargon) when an

25  order was "booked," or confirmed, and 70% of a CE's commission would be paid at the time of

26  booking, and the remaining 30% would be paid when Avaya received payment on the order (or,

27  at "true up.") A CE's total commission earnings, or "payout," varied according to his or her

28  overall performance. Those that achieved 100% revenue attainment were paid dollar for dollar

1  on these commissions; however, those that did not meet, and those that exceeded, their quota had

2  their commission reduced or enhanced by various multiples.

3     10.   In or about January 2002, Byrne and Avaya entered into a written agreement

4  entitled "FY2002 Sales Compensation Plan. Condition Sheet/Plan Agreement/Declaration of

5  Understanding." Pursuant to this agreement, Byrne's "Target," or sales quota, for the 2002

6  fiscal year was $7,400,000. Byrne received a base salary of $57,960, and had a "target

7  incentive" of commission earnings of $75,000. Byrne's Sales Compensation Plan was so

8  structured that if she "over achieved," that is, substantially exceeded her sales quota, she would

9  earn considerably more than her "target" commission.

10    11.   Byrne's performance throughout the 2002 fiscal year was outstanding. Her

11  performance during the first quarter of the fiscal year was particularly outstanding, as she signed

12  contracts during that time that totaled over $4 million, or more than one half of her quota for the

13  year.

14    12.   However, despite Byrne's outstanding performance, she did not receive timely

15  payment of her commission earnings. Rather, Avaya established a "compensation draw" from

16  which Byrne, and other CEs, could receive advances against commissions, which would later be

17  "trued-up," or paid in full. Avaya had established such compensation draws in the past, but they

18  seldom lasted more than one or two months. However, in fiscal year 2002 the "compensation

19  draw" remained throughout the first two quarters of the year, and Byrne's earned commissions

20  were not "trued-up."

21    13.   In July 2002, Avaya presented Byrne, and other CEs, with an "Addendum" to the

22  Fiscal Year 2002 Sales Compensation Plan. In this addendum, Avaya stated that it was having

23  "difficulties compensating US Sales Associates on individual quotas." The Addendum further

24  stated that it was not intended to replace the "FY2002 Sales Compensation Plan," rather, it was

25  merely intended to "clarif[y] the way we calculate payouts." To achieve that purpose, the

26  Addendum announced that CEs would be paid according to the performance of the entire sales

27  area, rather than on individual performance. Thus, the entire area's performance against its

28  target would provide the percentage, or "payout factor" which would determine the commission

COMPLAINT FOR DAMAGES                                    3

1   compensation earned by individual CEs. As the payout factor was determined to be only 62% of

2   the Area quota, the effect of the Addendum was to severely penalize CEs such as Byrne who had

3   achieved well over 100% of the quota established in her Sales Compensation Plan.

4       14.     Ostensibly to avoid this unjust outcome, the Addendum also called for the

5   creation of a *"discretionary* component of incentive earnings" which was to "be distributed to

6   eligible Sales Managers and Associates [*e.g.*, CEs] as determined by sales leadership, based

7   upon individual contribution to results." Thus, in theory, this "discretionary component of

8   incentive earnings" was to be used to compensate Byrne, and other over-achieving CEs at

9   approximately the same rate that was previously set forth in their Sales Compensation plan.

10      15.     However, whatever the intent of the Addendum may have been, the effect was to

11  substantially reduce Byrne's commission earnings. For example, for July 2002 Byrne received

12  no commission earnings at all, although she continued exceed her sales quota.

13      16.     Throughout the remaining months of the fiscal year, Byrne made numerous

14  inquiries and demands of her superiors Spencer Lawes, Phil Castillo, and Susan Bailey regarding

15  her commission earnings. She repeatedly pointed out to them that she had achieved 200% of her

16  quota and that her commission earnings had been vastly below that called for in her Sales

17  Compensation Plan. Byrne's inquires and demands were met only with excuses, and promises

18  that her commissions would be "trued-up" at some point in the future. However, as the

19  promised "true-up" date approached, it would simply be pushed back, and the "true-up" did not

20  occur.

21      17.     After the 2002 fiscal year ended, and her earned commissions had not been

22  "trued-up" Byrne decided she had enough. On October 21, 2002, she sent a letter Spencer

23  Lawes, the Area Sales Director, announcing that she was resigning effective October 31 2002,

24  and that she expected to be fully paid all outstanding commission earnings on that date. This did

25  not happen. Thus, pursuant to the terms of her Sales Compensation Plan for fiscal year 2002

26  Byrne should have been paid $224,400 in commission on a quota attainment of 174%. However,

27  to date Avaya has paid Byrne only $72,000 in commissions for that fiscal year.

28  ////

COMPLAINT FOR DAMAGES                                        4

# FIRST CAUSE OF ACTION
## Breach of Contract
### As to Defendant Avaya Inc.

18.   Byrne realleges, and incorporates herein by reference, all preceding paragraphs.

19.   In or about January 2002, Byrne and Avaya entered into a written contract entitled "FY2002 Sales Compensation Plan." Material terms of this contract include: (A) a term of one year, from October 1, 2001 to September 30, 2002, (B) a base salary of $57,900, (C) a sales "target," or quota, of $7,400,000, and (D) a sales territory of consisting of all zip code regions for Riverside and San Bernardino Counties. Also included in this contract was the following "Payout Factor Table," which indicated how Byrne's commission earnings would be calculated based upon the "attainment level" of her sales quota:

| Attainment Level | Payout Factor |
|---|---|
| 0% - 50% | .08 |
| 50.01% - 100% | 1.2 |
| 100.01% - 125% | 2.0 |
| 125.01% - 150% | 4.0 |
| 150.01% - 200% | 2.0 |
| Above 200% | 1.2 |

20.   During the term of this contract, Byrne had an "attainment level" of 174%, and, thus, she was entitled to payment of commission earnings of $224,400 for fiscal year 2002 pursuant to the above-listed "payout factors."

21.   Beginning in January 2002, and continuing to the present, Avaya breached, and continues to breach, the FY2002 Sales Compensation Plan, by not paying the full amount of the commission earnings due to her under the Plan.

22.   Avaya's breach was unjustified and inexcusable.

23.   Byrne performed all duties imposed upon her by the contract, or to the extent that she did not, she was excused from performance by Avaya's breach.

24.   As a direct and proximate result of Avaya's breach of contract, Byrne suffered damages, the full amount of which are undetermined at this time, but which are within the

000010

1  jurisdiction of the Superior Court.

2              **SECOND CAUSE OF ACTION**
            Violation of California Labor Code Section 200, *et seq.*
3                 As to Defendant Avaya, Inc.

4      25.   Byrne realleges, and incorporates herein by reference, all preceding paragraphs.

5      26.   At the time that Byrne was discharged she was entitled to unpaid commissions

6  pursuant to the terms of her Sales Compensation plan with Avaya.

7      27.   California Labor Code section 200 states that "wages" include periodic monetary

8  earnings, benefits, bonuses, and commissions that are based upon work an employee performs.

9      28.   California Labor Code section 201 states that if an employee is discharged, the

10 unpaid wages that the employee has earned up to the time of discharge are due and payable

11 immediately.

12     29.   California Labor Code section 203 states that if an employer willfully fails to pay

13 any earned, unpaid wages to an employee at the time of discharge, the employee shall be entitled

14 to a late payment penalty.

15     30.   On or about November 1, 2003, Avaya violated Labor code section 201 by

16 constructively terminating Byrne and failing to pay her all unpaid wages that she had earned up

17 to that date. To date, Avaya has still not paid Byrne these earned, unpaid wages, thus, Byrne is

18 entitled to a late payment penalty pursuant to Labor Code section 203.

19     31.   In the alternative, Labor Code section 202 states that an employee not having a

20 written employment contract for a definite period who quits her employment upon 72 hours

21 notice is entitled to payment of all wages and compensation due to her at the time of her

22 resignation.

23     32.   On or about November 1, 2003, Avaya violated Labor code section 202 by not

24 paying Byrne all unpaid wages that she had earned up to that date. To date, Avaya has still not

25 paid Byrne these earned, unpaid wages, thus, Byrne is entitled to a late payment penalty pursuant

26 to Labor Code section 203.

27     33.   Pursuant to Labor Code section 216, an employer who willfully fails to pay all

28 earned wages and compensation at the time an employee is fired, is guilty of a misdemeanor.

COMPLAINT FOR DAMAGES                          6

34.     As a direct and proximate result of Avaya violation of these statutes, Byrne has suffered damages, the full amount of which are undetermined at this time, but are within the jurisdiction of this Superior Court. Further, Byrne is entitled to an award of attorney's fees pursuant to Labor Code section 218.5.

**THIRD CAUSE OF ACTION**
Wrongful Termination in Violation of Public Policy (*Tameny* Claim)
As to Defendant Avaya, Inc.

35.     Byrne realleges, and incorporates herein by reference, all preceding paragraphs.

36.     Throughout the 2002 fiscal year, Byrne made numerous demands that she be compensated according to the terms of her Sales Compensation agreement. However, Avaya refused to pay Byrne the full amount of the commissions that it owed her, although it had the ability to do so.

37.     By refusing to pay Byrne the commission earnings that it owed her, Avaya knowingly created and permitted working conditions that were objectively intolerable.

38.     These intolerable working conditions amounted to a continuous pattern of objectionable conduct, such that a reasonable employee in Byrne's position would be compelled to resigned.

39.     Thus, on November 1, 2002, Avaya constructively terminated Byrne by forcing her to resign her employment, rather than continue to endure the objectively unreasonable working conditions.

40.     California Labor Code Section 216 makes it a misdemeanor for any person, having the ability to pay, to refuse to pay wages when they are due, after a demand for payment has been made.

41.     Labor Code Section 216 embodies a substantial and fundamental public policy, which inures to the benefit of the public, and which was well-established at the time of Byrne's termination.

42.     Avaya violated the substantial and fundamental public policy embodied in Labor Code section 216 by constructively terminating Byrne on November 1, 2002.

1    43.    As the direct and proximate result of this termination Byrne has suffered

2    damages, the full amount of which are undetermined at this time, but which are within the

3    jurisdiction of the Superior Court.

4    44.    Avaya's conduct as described was made with the intent to injure Byrne, or in

5    conscious disregard of Byrne's rights, and with the intent to vex, harass, and annoy her.   To the

6    extent this conduct was made by non-managing agents of Avaya, Avaya ratified and adopted this

7    conduct for its own with full knowledge of the consequences this ratification and adoption.

8    Thus, Avaya's conduct pleaded herein was done with fraud, malice, and oppression, such as to

9    justify an award of exemplary damages pursuant to section 3294 of the California Civil Code.

10

11    WHEREFORE, Plaintiff, CINDY BYRNE prays for judgment against defendants, and

12    each of them, as follows:

13        1.    For general damages according to proof;

14        2.    For special damages according to proof;

15        3.    For punitive damages according to proof;

16        4.    For attorney fees incurred;

17        5.    For costs of suit herein incurred;

18        6.    For prejudgment interest permitted by law;  and

19        7.    For such other and further relief as the Court deems just and proper.

20

21                                STRAUSS & ASHER

22

23    Dated: August 27, 2003            By:    _____
                                                DAVID P. STRAUSS
24                                              Attorneys for Plaintiff CINDY BYRNE

25

26

27

28

COMPLAINT FOR DAMAGES                                    8

000015

1   WOLDT & ASSOCIATES
    *A Professional Law Corporation*
2   Wendy A. Woldt      Bar No. 102041
    2377 Crenshaw Boulevard, Suite 260
3   Torrance, California 90501-3345
    Telephone: (310) 783-1800
4   Facsimile: (310) 783-1803

5   Attorneys for Defendant Avaya Inc.

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF SAN DIEGO

10

11  CINDY BYRNE, an individual,            )   CASE NO.: GIC 816818
                                           )
12        Plaintiff,                        )
                                           )
13  vs.                                     )   **DEFENDANT AVAYA INC.'S**
                                           )   **NOTICE OF REMOVAL OF THIS**
                                           )   **STATE COURT ACTION TO THE**
14                                          )   **UNITED STATES DISTRICT COURT**
                                           )   **FOR THE SOUTHERN DISTRICT OF**
15  AVAYA, INC., a Delaware Corporation, and )   **CALIFORNIA**
    Does 1 through 50, Inclusive,           )
16                                          )   **[28 U.S.C. §§ 1332 and 1441(b) –**
          Defendants.                       )   **Diversity Jurisdiction]**
17                                          )
                                           )
18  _____       )

19  **TO THE CLERK OF THE SAN DIEGO SUPERIOR COURT AND TO ALL**

20  **PARTIES AND THEIR ATTORNEYS OF RECORD:**

21          **PLEASE TAKE NOTICE** that on October 10, 2003, defendant Avaya Inc.

22  ("Avaya") removed this state court action from the San Diego Superior Court ("Superior

23  Court") to the United States District Court for the Southern District of California ("District

24  Court"), as demonstrated by this Notice of Removal.  As a result of Avaya's removal of this

25  state court action, all proceedings herein have been removed from the Superior Court to the

26  District Court.

27  ///

28  ///

                                           1

1       A true and correct copy of the Notice of Removal and supporting papers filed with the

2   District Court are attached hereto as Exhibit "A" and incorporated herein by this reference as

3   though fully set forth at length.

4   DATED: October 10, 2003

Wendy A. Woldt
WOLDT & ASSOCIATES
*A Professional Law Corporation*

By

Wendy A. Woldt
Attorneys for Defendant
Avaya Inc.

2

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA       )
                               ) ss.
COUNTY OF LOS ANGELES   )

      I, the undersigned, am a resident of the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is 2377 Crenshaw Blvd., Suite 260, Torrance, California 90501-3345.

      On October 10, 2003, I served the within document, entitled:

**DEFENDANT AVAYA INC.'S NOTICE OF REMOVAL OF THIS STATE COURT ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope in a United States Postal Service's mail box located in Torrance, California, as follows:

David P. Strauss [SBN 96874]
Mark A. Bennett [SBN 175974]
STRAUSS & ASHER
555 W. Beech Street - Suite 302
San Diego, CA 92101

[X]    **(BY MAIL)** I am "readily familiar" with the firm's practice of collecting and processing correspondence for mail delivery. Under that ordinary business practice, the document to be mailed is sealed in an envelope with postage thereon fully prepaid and then deposited in a box or other facility located in Torrance, California, which box or facility is regularly maintained by the United States Postal Service.

[X]    **(FEDERAL)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Executed on October 10, 2003, at Torrance, California.


   _Monique Happy_____            _____
     (Type or Print Name)                          (Signature)

1  WOLDT & ASSOCIATES
   *A Professional Law Corporation*
2  Wendy A. Woldt     Bar No. 102041
   2377 Crenshaw Boulevard, Suite 260
3  Torrance, California 90501-3345
   Telephone: (310) 783-1800
4  Facsimile: (310) 783-1803

5  Attorneys for Defendant Avaya Inc.

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SAN DIEGO

10

11  CINDY BYRNE, an individual,            )  CASE NO.: GIC 816818
                                           )
12         Plaintiff,                      )
                                           )
13  vs.                                    )  **DEFENDANT AVAYA INC.'S**
                                           )  **ANSWER TO PLAINTIFF CINDY**
14                                         )  **BYRNE'S COMPLAINT FOR**
                                           )  **DAMAGES**
15  AVAYA, INC., a Delaware Corporation, and )
    Does 1 through 50, Inclusive,          )  **Complaint Filed:   August 27, 2003**
16                                         )  **Trial Date:        None**
           Defendants.                     )
17                                         )
                                           )
18  _____)

19         Defendant Avaya Inc. ("Avaya") hereby answers the unverified complaint for

20  damages ("Complaint") filed by plaintiff Cindy Byrne ("plaintiff") by admitting, denying and

21  alleging as follows:

22         Pursuant to Code of Civil Procedure, section 431.30(d), Avaya denies generally and

23  specifically each and every allegation in plaintiff's Complaint and each purported cause of

24  action contained therein.  Avaya further denies generally and specifically that plaintiff has

25  been damaged in the sums alleged, or in any sum at all, as a result of the acts, omissions

26  and/or other conduct of Avaya as alleged in the Complaint, and deny that plaintiff is entitled

27  to any of the relief she seeks against Avaya in the Complaint.

28  ///

                              1

**AFFIRMATIVE DEFENSES**

**FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA ALLEGES:**

1. The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Avaya.

**FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA ALLEGES:**

2. The Complaint, and each purported cause of action contained therein, is barred to the extent that plaintiff consented to or initiated the acts, omissions or conduct complained of in this action, if such acts, omissions or conduct actually occurred.

**FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA ALLEGES:**

3. The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Avaya had an honest, reasonable, good faith belief in the facts on which it based its acts, omissions and conduct taken with respect to plaintiff.

**FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA ALLEGES:**

4. The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because the acts, omissions or other conduct by Avaya was based on legitimate business reasons and/or good cause and, therefore, are not actionable.

**FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA ALLEGES:**

5. The Complaint, and each purported cause of action contained therein, is barred because the injuries and damages allegedly incurred by plaintiff, if any, were not the result of Avaya's acts, omissions and/or other conduct.

**FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA ALLEGES:**

6. The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because plaintiff breached her duties of reasonable care and skill, good faith and loyalty to Avaya.  Lab. Code, §§ 2854, 2858, 2859 and 2863.

///

///

2

Defendant Avaya Inc.'s Answer to Plaintiff' Complaint for Damages

1  **FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA**

2  **ALLEGES:**

3      7.  The Complaint, and each purported cause of action contained therein, is barred,

4  in whole or in part, by virtue of the doctrine of unclean hands.

5  **FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA ALLEGES:**

6      8.  The Complaint, and each purported cause of action contained therein, is barred,

7  in whole or in part, by virtue of the doctrine of after acquired evidence.

8  **FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA ALLEGES:**

9      9.  Plaintiff has failed to mitigate or reasonably attempt to mitigate her damages, if

10  any, as required by law.

11  **FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA ALLEGES:**

12      10.  Plaintiff is bound by the substantive limitations in scope and remedy of the

13  constitutional and/or statutory provisions on which she relies in support of her purported

14  third cause of action for wrongful termination in violation of public policy, and, therefore,

15  cannot obtain any remedies or damages which are not expressly contemplated by those

16  provisions.

17  **FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA**

18  **ALLEGES:**

19      11.  Plaintiff lacks standing to commence this action by virtue of the doctrine of

20  after-acquired evidence to the extent she made misrepresentations in her employment

21  application and/or related documents, and/or based on her conduct during the course of her

22  employment.

23  **FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA**

24  **ALLEGES:**

25      12.  Plaintiff is estopped from recovering damages or obtaining any other relief

26  pursuant to the complaint, and each purported cause of action contained therein against

27  Avaya, by her acts, omissions or other conduct.

28  ///

3

Defendant Avaya Inc.'s Answer to Plaintiff' Complaint for Damages

1  **FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA**

2  **ALLEGES:**

3      13.   Plaintiff has waived her right to recover damages or any other relief against

4  Avaya, by her acts, omissions or other conduct.

5  **FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA**

6  **ALLEGES:**

7      14.   Plaintiff is barred, in whole or in part, from recovering damages or obtaining

8  any other relief pursuant to the Complaint, and each purported cause of action contained

9  therein against Avaya, by virtue of the doctrine of laches.

10  **FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA**

11  **ALLEGES:**

12      15.   Plaintiff is precluded from obtaining pre-judgment interest for the claims

13  alleged in the Complaint pursuant to Civil Code, sections 3287 and 3288.

14  **FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA**

15  **ALLEGES:**

16      16.   Plaintiff's recovery of damages, if any, must be offset by any and all payments

17  made and/or benefits extended by Avaya, to or on plaintiff's behalf, if any, that Avaya was

18  not otherwise required to make or extend.

19  **FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA**

20  **ALLEGES:**

21      17.   Plaintiff is not entitled to recover any punitive or exemplary damages and any

22  allegations with respect thereto should be stricken because plaintiff has failed to plead and

23  cannot prove facts sufficient to support allegations of advance knowledge and conscious

24  disregard of the rights or safety of others by an officer, director or managing agent of Avaya

25  or authorization or ratification of alleged wrongful conduct by an officer, director or

26  managing agent of Avaya.  Civ. Code § 3294.

27  ///

28  ///

4

   Defendant Avaya Inc.'s Answer to Plaintiff' Complaint for Damages

1 **FOR A EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA**

2 **ALLEGES:**

3      18.   Plaintiff is not entitled to recover any punitive or exemplary damages, and any

4 allegations with respect thereto should be stricken because plaintiff has failed to plead and

5 cannot prove facts sufficient to support allegations of oppression, fraud and/or malice under

6 Civil Code, section 3294.

7 **FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA**

8 **ALLEGES:**

9      19.   Plaintiff's prayer for punitive damages is barred because California law

10 regarding the alleged conduct in question in this action is too vague to permit the imposition

11 of punitive damages, and because California statutes, rules and procedures regarding punitive

12 damages deny due process, impose criminal penalties without the requisite protection, violate

13 the Eighth and Fourteenth Amendments of the United States Constitution, and place an

14 unreasonable burden on interstate commerce.

15 **FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA**

16 **ALLEGES:**

17      20.   The complaint, and each purported cause of action contained therein, is barred

18 by virtue of the doctrine of after-acquired evidence to the extent plaintiff made

19 misrepresentations contained in her employment application and/or related documents and/or

20 based on her conduct during the course of her employment.

21 **FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA**

22 **ALLEGES:**

23      21.   Plaintiff's recovery of damages is limited by virtue of the doctrine of after-

24 acquired evidence because of misrepresentations contained in her employment application

25 and/or supporting documents and/or her conduct during the course of her employment.

26 ///

27 ///

28 ///

5

000021

Defendant Avaya Inc.'s Answer to Plaintiff' Complaint for Damages

1  **FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA**

2  **ALLEGES:**

3       22.   Plaintiff's first purported cause of action against Avaya for breach of contract

4  fails as a matter of law, due to the complete failure of consideration for Avaya's obligation to

5  perform under the agreed upon terms relating to the payment of commissions and/or

6  assignment of accounts, if any.

7  **FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA**

8  **ALLEGES:**

9       23.   Plaintiff's first purported cause of action against Avaya for breach of contract

10  fails as a matter of law, because there is a lack of mutuality of obligation for plaintiff to

11  perform under the agreed upon terms relating to the payment of commissions and/or

12  assignment of accounts, if any, and, therefore, any such agreement(s) in this regard, if any,

13  are unenforceable.

14  **FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA**

15  **ALLEGES:**

16       24.   Plaintiff's first purported cause of action against Avaya for breach of contract

17  fail, as a matter of law, because Avaya performed each of its obligations under the agreed

18  upon terms relating to the payment of commissions and/or assignment of accounts, if any.

19  **FOR A TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA**

20  **ALLEGES:**

21       25.   Plaintiff's first purported cause of action for breach of contract fail, as a matter

22  of law, because Avaya was excused from its obligation to perform under the agreed upon

23  terms relating to the payment of commissions and/or assignment of accounts, if any, by

24  virtue of plaintiff's failure to perform and/or anticipatory breach of the agreed upon terms

25  relating to the payment of commissions and/or assignment of accounts, if any.

26  ///

27  ///

28  ///

6

1  **FOR A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, AVAYA**

2  **ALLEGES:**

3      26.    Plaintiff's first purported cause of action against Avaya for breach of contract

4  fail, as a matter of law, because of plaintiff's failure to satisfy a condition precedent.

5  **FOR A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,**

6  **AVAYA ALLEGES:**

7      27.    Plaintiff's first purported cause of action against Avaya for breach of contract

8  fail, as a matter of law, because it is barred by the statute of frauds.

9      **WHEREFORE,** Avaya prays for judgment as follows:

10     1.    That plaintiff take nothing by virtue of her Complaint, and that the Complaint be

11  dismissed in its entirety with prejudice;

12     2.    That judgment be entered in favor of Avaya, and against plaintiff;

13     3.    That Avaya be awarded its reasonable attorneys' fees and costs of suit incurred

14  herein; and

15     4.    That Avaya be awarded such other and further relief as this Court deems just and

16  proper.

17  DATED: October 10, 2003                        WOLDT & ASSOCIATES
                                                   *A Professional Law Corporation*

18

19

20  By _____
                                                   Wendy A. Woldt
21                                                 Attorney for Defendant Avaya Inc.

22

23

24

25

26

27

28

000023

Defendant Avaya Inc.'s Answer to Plaintiff' Complaint for Damages

1

**PROOF OF SERVICE BY MAIL**
(Code Civ. Proc., §§ 1013(a) and 2015.5)

2

3  STATE OF CALIFORNIA        )
                              ) ss.
4  COUNTY OF LOS ANGELES      )

5       I, the undersigned, am a resident of the County of Los Angeles, State of California,
    over the age of eighteen years, and not a party to the within action.  My business address is
6  2377 Crenshaw Boulevard, Suite 260, Torrance, California 90501-3345.

7       On October 10, 2003, I served the within document, entitled:

8  **DEFENDANT AVAYA INC.'S ANSWER TO PLAINTIFF CINDY BYRNE'S
    COMPLAINT FOR DAMAGES**

9
   on the interested parties in this action by placing a true copy thereof, enclosed in a sealed
10 envelope in the United States Postal Service's mail box located at 2377 Crenshaw
   Boulevard, Suite 260, Torrance, California, 90501-3345, addressed as follows:

11
12  **David P. Strauss
    Mark A. Bennett
    STRAUSS & ASHER
13  555 W. Beech Street - Suite 302
    San Diego, CA 92101**

14
   [X]   (**BY MAIL**) I am "readily familiar" with the firm's practice of collecting and
15        processing correspondence for mail delivery.  Under that ordinary business practice,
          the document to be mailed is sealed in an envelope with postage thereon fully prepaid
16        and then deposited in a box or other facility located in Torrance, California, which
          box or facility is regularly maintained by the United States Postal Service.

17
   [X]   (**STATE**)     I declare under penalty of perjury under the laws of the State of
18        California that the foregoing is true and correct.

19  Executed on October 10, 2003, at Torrance, California.

20

21    ___Monique Happy___                         _____
         (Type or Print Name)                              (Signature)
22

23

24

25

26

27

28

000024

1

## PROOF OF SERVICE BY MAIL

2   STATE OF CALIFORNIA           )
                                  ) ss.
3   COUNTY OF LOS ANGELES         )

4        I, the undersigned, am a resident of the County of Los Angeles, State of
    California, over the age of eighteen years, and not a party to the within action.  My
5   business address is 2377 Crenshaw Blvd., Suite 260, Torrance, California 90501-
    3345.
6

7        On October 10, 2003, I served the within document, entitled:

8   **DEFENDANT AVAYA INC.'S NOTICE OF REMOVAL OF STATE COURT**
    **ACTION TO THE UNITED STATED DISTRICT COURT FOR THE**
9   **SOUTHERN DISTRICT OF CALIFORNIA**

10  on the interested parties in this action by placing a true copy thereof, enclosed in a
    sealed envelope in a United States Postal Service's mail box located in Torrance,
11  California, as follows:

12                       **David P. Strauss [SBN 96874]**
                         **Mark A. Bennett [SBN 175974]**
13                           **STRAUSS & ASHER**
                         **555 W. Beech Street - Suite 302**
14                           **San Diego, CA 92101**

15  [X]  **(BY MAIL)**  I am "readily familiar" with the firm's practice of collecting and
         processing correspondence for mail delivery.  Under that ordinary business
16       practice, the document to be mailed is sealed in an envelope with postage
         thereon fully prepaid and then deposited in a box or other facility located in
17       Torrance, California, which box or facility is regularly maintained by the
         United States Postal Service.

18  [X]  **(FEDERAL)**  I declare under penalty of perjury under the laws of the State of
         California that the foregoing is true and correct.
19

20       Executed on October 10, 2003, at Torrance, California.

21

22  _____Monique Happy_____          _____
        (Type or Print Name)                          (Signature)
23

24

25

26

27

28

%S 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
CINDY BYRNE, an individual

FILED
03 OCT 10 PM 3: 54
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

### DEFENDANTS
AVAYA INCORPORATED, a Delaware Corporation, and DOES 1 through 50, inclusive

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Riverside
(EXCEPT IN U.S. PLAINTIFF CASES)

'03 CV 20 IEG (LSP)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   SOMERSET
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David P. Strauss, State Bar No. 96874
Strauss & Asher
555 West Beech Street, Suite 302
San Diego, CA  92101
(619) 237-5300

ATTORNEYS (IF KNOWN)
Wendy A. Woldt, State Bar No. 102041
Woldt & Associates, A Professional Law Co
2377 Crenshaw Blvd., Suite 260
Torrance, CA 90501
(310) 783-1800

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR
(For Diversity Cases Only)        PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Under 28 U.S.C. sections 1332 and 1441(b) defendant Avaya requests removal to the District Court baed on diversity of citizenship between plaintiff and defendant, citizens of California and New Jersey, respectively.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION    DEMAND $ 0.00
UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES   [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   Docket Number _____

DATE
October 10, 2003

SIGNATURE OF ATTORNEY OF RECORD
_(signature)_

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

20 $150.00    10/10/03   #97880  VD

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44**
Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) Plaintiffs - Defendants.  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE:  In land condemnation cases, the county of residence of the  "defendant"  is the location of the tract of land involved.)

(c)  Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  Jurisdiction.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant. (2)  When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

III.  Residence (citizenship) of Principal Parties.  This section of the JS-44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.  Cause of Action.  Report the civil statute directly related to the cause of action and give a brief description of the cause.

V.  Nature of Suit.  Place an  "X"  in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

VI.  Origin.  Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court.  (2)   Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3)  Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4)  Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6)  Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7)  Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an  "X"  in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases.  This section of the JS-44 is used to reference relating pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature.  Date and sign the civil cover sheet.

(rev. 07/89)
::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)